STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald L. TUCKWAB, Defendant-Appellant.

Court of Appeals

*Nos. 79–1059, 79–1060. Argued July 7, 1980.—*
*Decided July 24, 1980.*
(Also reported in 295 N.W.2d 795.)

For the appellant, the cause was submitted on the brief of *Thomas E. Bush,* of Milwaukee.

For the respondent, the cause was submitted on the brief of *E. Michael McCann*, district attorney, with whom on the brief was *Patrick J. Kenney*, assistant district attorney.

Before Decker, C.J., Cannon, J., and Hanley, Reserve Judge.

HANLEY, Reserve Judge. Appellant raises one issue on appeal: Did the form, "Informing the Accused DEI— 4197," which was read to the defendant by law enforcement officers prior to their request that the defendant submit to a test to determine the percentage of alcohol in the defendant's blood, adequately inform the defendant of his rights and responsibilities under Wisconsin's implied consent law pursuant to sec. 343.305(3)(a) of the Wisconsin statutes.

On April 28, 1979, the defendant-appellant was arrested, taken to a police station, issued a citation for violation of sec. 346.63, Stats., (operating a motor vehicle under the influence of an intoxicant), was read form DEI—4197 which informs him of his rights and duties under Wisconsin's Implied Consent Law, and was asked to submit to a breath test. The defendant refused.

On April 29, 1979, the defendant was again arrested, taken to a police station, issued a citation for operating a motor vehicle while under the influence of an intoxicant, read the DEI—4197 form and asked if he would submit to a breath test. The defendant again refused.

On May 24, 1979, both cases were heard by the trial court. It found in each case that the police officer had probable cause to arrest; that each officer had complied with sec. 343.305(3), Stats.; and, that the defendant had refused to take the test requested on each occasion.

On July 11, 1979, sentence was imposed. On case No. 2–235130 the defendant's operating privilege was revoked for six months; on case No. 2–235131 the defend-

ant's operating privilege was revoked for one year. In lieu of the last three months of the first revocation and the last six months of the second revocation the defendant was allowed to attend group dynamics safety school. The revocation orders were made concurrent and both orders were stayed pending appeal.

Section 343.305 (1), Stats., defines the basic responsibility of an individual under "Wisconsin's Implied Consent Law." It states that persons who drive or operate motor vehicles on highways of the state or on premises which are held out to the public for the use of their motor vehicles are deemed to have given consent to tests of their breath, blood or urine for the purposes of determining the presence of alcohol or controlled substances in their blood. A law enforcement agency must be prepared to administer two of the three tests designated. However, the agency has the authority to designate which test is to be administered first. Sec. 343.305 (1).

Here the defendant does not challenge the trial court's finding that the officer had probable cause to believe that the defendant violated sec. 346.63 (1), Stats., the operating while under the influence of an intoxicant law. However, the defendant does contend that the officer failed to comply with sec. 343.305 (3) (a) which provides as follows:

A law enforcement officer requesting a person to take a test under sub. (2) shall, at the time of the request and prior to the administration of any such test, inform the person:

1. That he or she is deemed to have consented to tests under sub. (1);

2. That if he or she refuses to submit to any such test, except as permitted under sub. (2) (a), his or her operating privilege shall be revoked for not less than 6 months nor more than one year under sub. (9); and

3. That in addition to the tests designated by the law enforcement agency under sub. (1), he or she may have an additional test under sub. (5).

Here it is not contested that the state relied on the fact that the officer read Motor Vehicle Department form DEI—4197 to the defendant to prove that the officer complied with the requirements of sec. 343.305(3) (a), Stats.

Motor Vehicle Department form DEI—4197 is substantially a verbatim extraction of sec. 343.305(3) (a), Stats. However, the defendant contends that the form does not comply with the requirements set forth in sec. 343.305 (3) (a) for various reasons.

This appeal involves the legal sufficiency of the Motor Vehicle Department form, "Informing the Accused DEI— 4197." The form contains six numbered paragraphs; however, in cases not involving a preliminary breath test, paragraphs 3 and 5 are crossed out as in the instant case. The remaining paragraphs which are read to the individual read as follows:

1. You are deemed under Wisconsin's Implied Consent Law, s. 343.305, to have consented to tests of your breath, blood or urine for the purpose of determining the presence or quantity of alcohol or controlled substances in your blood.

2. If you refuse to submit to any such tests, your operating privilege will be revoked for a period of not less than six months nor more than one year as provided under s. 343.305(9).

. . . .

4. In addition to the test or tests you have submitted to at the request of a law enforcement officer, you may request the alternate test the department is prepared to administer, or at your own expense, reasonable opportunity to have any qualified person of your own choosing administer a chemical test for the purpose specified under s. 343.305(1).

. . . .

6. Will you submit to an evidentiary chemical test of your breath.

The defendant contends that paragraph 1 of the form is misleading and confusing because it implies that a person's license will be revoked only where he refuses to submit to all of the tests mentioned in paragraph 1. Such contention has no merit. It is clear that paragraph 1 of the form combines secs. 343.305 (1) and 343.305 (3) (a), Stats., and that the term "tests" refers to one or more of three tests which can be requested by the law enforcement officer. The form used here only requested one evidentiary chemical test. Paragraph 1 must be read in the light of the entire form. Section 343.305 (1) gives the arresting authorities the right to select one of the tests mentioned in paragraph 1 and the form does so. When paragraph 6 is read in conjunction with paragraph 1, the accused is sufficiently informed that if he refuses to submit to the test selected by the officer he is in violation of the implied consent law.

The defendant contends that the use of the past tense in paragraph 4 of the form when it refers to "the test or tests you have submitted to at the request of a law enforcement officer . . ." is confusing because at the time the individual is read that section of the form, he has not yet submitted to any test. This contention has no merit since it is obvious that paragraph 4 uses the past tense because under sec. 343.305 (5), Stats., the officer may request more than one test and a defendant is only allowed to request an alternate test after he has submitted to the test which has been selected by the law enforcement officer.

Defendant also argues that the form does not comply with sec. 343.305 (3) (a), Stats., because paragraph 4 fails to identify the alternate test which is available to the defendant if he does request such a test. Since the statute does not require the officer to inform the ac-

cused of which additional test the agency is prepared to administer, failure to inform the defendant of the particular test offered does not violate the requirements of sec. 343.305(3)(a).

Next, the defendant argues that the form does not comply with the statute because the term "chemical test" in paragraph 4 is not defined. We find that a reading of paragraph 1 in conjunction with paragraph 4 adequately informs the accused that he is allowed to request an additional chemical test which will determine the presence or quantity of alcohol or controlled substance in his blood.

The defendant makes a further contention that the form is fatally defective because it fails to define the "purposes specified under sec. 343.305(1)." Again, a reading of paragraph 4 in conjunction with paragraph 1 of the form reveals that the purpose of the chemical test is to determine the presence or quantity of alcohol or controlled substance in the individual's blood.

We conclude that the form, "Informing the Accused DEI—4197," which was read to the defendant did adequately inform the defendant of his rights and responsibilities under Wisconsin's implied consent law, sec. 343.-305(3)(a), Stats.

*By the Court.*—Orders affirmed.